CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
06/11/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:08-cr-00011-1 |
| v. | MEMORANDUM OPINION |
| KENNETH LEE BROWN,<br>*Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Kenneth Lee Brown's motion to reduce sentence pursuant to the First Step Act of 2018. Dkt. 340. This Court concludes that Defendant is eligible for a reduction in sentence under the First Step Act and will re-sentence him to time served.

### Background

On April 9, 2008, Defendant was charged, along with seven other defendants, in a twelve-count indictment with engaging in a continuing criminal enterprise involving more than 1.5 kilograms of cocaine base and more than 5 kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 848(a) and (b) (Count I); conspiracy to distribute more than 50 grams of cocaine base and more than 5 kilograms cocaine hydrochloride, in violation of 21 U.S.C. § 846 (Count II); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count III); and a forfeiture allegation, pursuant to 21 U.S.C. § 853 (Count XII). Dkt. 3.

On October 6, 2008, Defendant pleaded guilty, pursuant to a plea agreement, to Count I of the indictment, and all other charges against him were dismissed on motion of the Government. Dkt. 132–33. Judgment was entered against him on January 23, 2009, sentencing him to 240

months' imprisonment on Count I, to be followed by five years of supervised release.[1] Dkt. 190.

The Bureau of Prisons' records indicate that he is due to be released on March 31, 2020, and thus

has approximately ten months left to serve on his sentence.[2]

Defendant, through counsel, filed this motion to reduce his sentence pursuant to the First

Step Act on April 5, 2019. Dkt. 340. The motion has been fully briefed and is ripe for disposition.

<u>First Step Act Legal Framework</u>

Section 404(b) of the First Step Act, the provision under which Defendant seeks relief,

states that:

> Defendants Previously Sentenced.—A court that imposed a sentence for a covered
> offense may, on motion of the defendant, the Director of the Bureau of Prisons, the
> attorney for the Government, or the court, impose a reduced sentence as if sections
> 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372)
> were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2019). The First Step Act defines a "covered

offense" as "a violation of a Federal criminal statute, the statutory penalties for which were

modified by [S]ection 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August

3, 2010." *Id.* § 404(a), 132 Stat. at 5222. A later provision, Section 404(c), further states that

"[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to

this section." *Id.* § 404(c), 132 Stat. at 5222. A district court's decision whether to afford relief to

an eligible defendant under the First Step Act is a discretionary one. *United States v. Wirsing*, 943

F.3d 175, 180 (4th Cir. 2019).

---

[1] Although the judgment issued in this case reflects that Defendant was convicted under 21
U.S.C. § 848(a) and (b), the fact that he did not receive a mandatory life sentence, as § 848(b)
requires, makes it clear that he was only convicted of only 21 U.S.C. § 848(a).

[2] *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/.

Modifications of sentences pursuant to the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states that "[t]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See also Wirsing*, 943 F.3d at 183 ("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion."). And, in determining a defendant's eligibility under § 3582(c)(1)(B), a court "must look to the applicable statute to determine 'the extent' to which modification is 'expressly permitted by [that] statute.'" *Id.* at 185 (quoting 18 U.S.C. § 3582(c)(1)(B)). In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).[3]

<u>Covered Offense</u>

The parties dispute whether Defendant's convicted offense under Count I, pursuant to 21 U.S.C. § 848(a), constitutes a "covered offense" as defined by the First Step Act. They do not dispute, however, that the penalty imposed on Defendant under subsection (a) of § 848 was not modified by the Fair Sentencing Act, *compare* Dkt. 351 at 4, *with* Dkt. 363 at 4, and further, there

---

[3] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing."); *United States v. Hardnett*, 417 F. Supp. 3d 725, 736 (E.D. Va. 2019) (outlining that the Court must first examine whether a sentence modification is warranted by the First Step Act and then consider whether a reduction is appropriate after considering the § 3553(a) factors)

is no dispute that the penalty under subsection (b) of that statute was modified by the Fair Sentencing Act, *compare* Dkt. 351 at 1, *with* Dkt. 363 at 5.[4]

Defendant contends that because at least one of the penalties for 21 U.S.C. § 848 has been modified—specifically, the penalty under § 848(b)—the Court may resentence him under the authority granted by the First Step Act regardless of the fact that he was sentenced to a penalty under § 848 that was not altered by the Fair Sentencing Act. The Government firmly disagrees, arguing that Defendant's offense of conviction was 21 U.S.C. § 848(a), not § 848(b), and nothing about the former subsection was modified by the passage of the Fair Sentencing Act. The Government further contends that, even if the Court were to find that the overall continuing criminal enterprise statute under which Defendant was convicted constitutes a covered offense, Defendant would not be entitled to relief because the penalty he faced was not one that was reduced by the Fair Sentencing Act.

"The most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'" *Wirsing*, 943 F.3d at 185 (citing Pub. L. No. 115-391, at § 404(a), 132 Stat. at 5222) (alterations and emphasis

---

[4] 21 U.S.C. § 848(b) reads as follows:

(b) Life imprisonment for engaging in continuing criminal enterprise

Any person who engages in a continuing criminal enterprise shall be imprisoned for life and fined in accordance with subsection (a), if—

(1) Such person is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders; and
(2)(A) the violation referred to in subsection (c)(1)[defining a "continuing criminal enterprise] involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title . . .

in original); *see, e.g., United States v. Boulding*, No. 19-1590, 2020 WL 2832110 (6th Cir. June 1, 2020) *United States v. Shaw*, 957 F.3d 734, 738 (7th Cir. 2020) (holding that "the statute of conviction alone determines eligibility for First Step Act relief"). Defendant argues that his statute of conviction is § 846 generally, Dkt. 351 at 1, while the Government argues that his statute of conviction is the specific subsection that provided his penalty, § 846(a), Dkt. 363 at 5.

As support for his argument, Defendant points to the First Circuit's recently published decision in *United States v. Smith*, 954 F.3d 446, 450 (1st Cir. 2020), which interpreted the applicability of the First Step Act to a defendant who had been penalized under 21 U.S.C. § 841(b)(1)(C). In that case, the First Circuit determined that the statute of conviction was not any of the subsections that outlined the penalties for specific drug weights, rather it was either 21 U.S.C. § 841, generally, or § 841(a), which laid out the acts which were made unlawful by the statute. In comparison, § 841(b)(1)(C) (as with the other subsections under § 841(b)) set forward the penalties for specific types of violative conduct made unlawful under § 841(a).[5] *Smith*, 954 F.3d at 449 ("The body of the statute also bolsters Smith's argument -- § 841(a) lists the acts that violate the law (manufacturing, distributing, etc.), whereas § 841(b) correlates increasing penalties to the quantities associated with the acts that violate § 841(a)."). Because at least one of the penalties for his statute of conviction had been modified by the Act, the First Circuit held that the defendant in *Smith* committed a covered offense—despite the fact that the specific penalty

---

[5] The First Circuit stated that the headings of § 841 also lent credence to the idea that 841(b)(1)(C) was not the statute of conviction, but rather one of its penalties: Congress titled § 841(a) "Unlawful Acts," while it titled § 841(b) as "Penalties." *Smith*, 954 F.3d at 449 (citing *Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138 S. Ct. 883, 893 (2018) ("Although section headings cannot limit the plain meaning of a statutory text, they supply cues as to what Congress intended.")).

imposed on him under § 841(b)(1)(C) had not been modified by the Fair Sentencing Act. *Smith*, 954 F.3d at 450.

Defendant also points to the Fourth Circuit's recent ruling in *United States v. Woodson*, 799 F. App'x 214 (4th Cir. 2020), which reversed and remanded a district court decision that had held that a defendant seeking a sentence reduction did not commit a covered offense, because the specific penalty imposed upon him under § 841(b)(1)(C) was not modified by the Fair Sentencing Act, No 1:09-cr-75, 2019 WL 2503963 (N.D. W.Va. June 17, 2019). This was the same reasoning—and involved the same subsection of the same statute—that the First Circuit overturned in *Smith*. The Fourth Circuit has yet to issue a memorandum opinion explaining its reasoning in *Woodson*, and the district court in that case has yet to take up the case on remand. Nevertheless, the Fourth Circuit's decision overruling the district court in that case is instructive. This is particularly true against the backdrop of the First Circuit's decision in *Smith*.[6]

"There is no indication that Congress intended a complicated and eligibility-limiting determination at the "covered offense" stage of the analysis." *Wirsing*, 943 F.3d at 186. In light of this guiding principle and the aforementioned cases, the question before the Court is clear: is there at least one penalty that attaches to Defendant's statute of conviction that has been modified by Section 2 or 3 of the Fair Sentencing Act? If yes, then Defendant has committed a covered offense, and he is eligible for resentencing. The Court will begin by identifying Defendant's statute of conviction. It will then examine whether any of the penalties for the statute of conviction have been modified.

---

[6] The judgment and formal mandate of the U.S. Court of Appeals for the Fourth Circuit issued in this case on April 23, 2020. *Woodson*, No. 1:09-cr-75, Dkts. 35–36.

The Government has argued, without providing much reasoning for its position, that § 848(a) supplies not just Defendant's penalty, but acts as his statute of conviction. But this position is not supported by the statutory framework. Arguably the most straightforward solution is that Defendant's statute of conviction is § 848 as a whole, particularly given the brief nature of the statute and its focus on one type of unlawful activity: continuing criminal enterprises related to controlled substances. But even if the Court assumes that is not the case, the most likely subsection that would serve as Defendant's statute of conviction is § 848(c), which sets out the conduct that is made unlawful under § 848—that is, it defines what conduct constitutes a "continuing criminal enterprise." § 841(a), (b), and (e) set forth the penalties for specific types of violative conduct, which all fall under the umbrella created by § 848(c). In that sense, 21 U.S.C. § 848(a) is no different than any of the subsections of 21 U.S.C. § 841(b). *See Smith*, 954 F.3d at 449 ("The body of the statute also bolsters Smith's argument -- § 841(a) lists the acts that violate the law (manufacturing, distributing, etc.), whereas § 841(b) correlates increasing penalties to the quantities associated with the acts that violate § 841(a)."). And, just as with § 841, the headings of § 848 also lend credence to the idea that § 841(a) is not Defendant's statute of conviction, but rather one of its penalties. *See supra* note 5. For example, Congress titled § 848(a) as "Penalties; Forfeitures" and § 848(c) as "Death Penalty." § 848(e) even begins with the phrase "In addition to the other penalties set forth in this section." The use of the plural "penalties" is telling, as there are only two other penalties set forth in § 848—life imprisonment under § 848(b) and those described under § 848(a).

As to whether any of the penalties for § 848 have been modified by the Fair Sentencing Act, the parties do not disagree. They both acknowledge that the penalty under § 848(b) was so modified. *Compare* Dkt. 351 at 1, *with* Dkt. 363 at 5. The Court adds that at least one other court

in this district has found that the penalty imposed by § 848(e)(1)(A) was also modified by Section 2 or 3 of the Fair Sentencing Act. *United States v. Davis*, No. 5:93-cr-30025, 2020 WL 1131147, at *2 (W.D. Va. Mar. 9, 2020) (Jones, J.). Accordingly, because at least one of the penalties for Defendant's statute of conviction was modified by Section 2 or 3 of the Fair Sentencing Act, this Court concludes that Defendant is eligible for resentencing under the First Step Act. *See United States v. Dean*, No. 97-276-3, 2020 WL 2526476, at *3 (holding that defendant who was convicted and sentenced in accordance with the penalties imposed under § 848(a) committed a covered offense, pursuant to the First Step Act, and was therefore eligible for resentencing).

### 3553(a) factors

Finding relief is consistent with the First Step Act, the Court next "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon*, 560 U.S. at 826. After consideration of the § 3553(a) factors, in particular the history and characteristics of the Defendant and the need for the sentence imposed, the Court finds that a sentence of time served is appropriate, which results in approximately a ten-month variance on his original 195-month sentence. In coming to this determination, this Court has also considered Defendant's positive post-conviction conduct, including his volunteer work with the inmate suicide watch program and his positive disciplinary record over the course of his incarceration. Dkt. 359 at 2. While the Court recognizes that the Bureau of Prisons has already credited him for his completion of a five-hundred-hour drug treatment program, the Court finds that the completion of such a program reflects well on Defendant's personal history and characteristics—specifically that it reduces the chance of his recidivism with regard to the use of controlled substances upon release. Also weighing in the Court's consideration is that Defendant is now fifty-five years old and represents that he will be able to return home to his family upon release.

## Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Reduce Sentence pursuant to the First Step Act, Dkt. 340. The Court finds that Defendant has committed a "covered offense" under the terms of the Act, and the Court will grant him a reduction in his term of incarceration, reducing it to time served. The Court finds that a sentence of time served is sufficient—but not greater than necessary—and accounts for the sentencing factors the Court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. All other terms of Defendant's original sentence will remain the same.

The Clerk of Court is directed to send copies of this Memorandum Opinion to Defendant, all counsel of record, and the United States Probation Office, the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this ___11th___ day of June 2020

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE